UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY DeMARCO,

    Plaintiff,

v.

ANDRE ROSSI *et al.*,

    Defendants.

Case No. C07-5352RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
March 7, 2008**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is a motion for summary judgement filed by Dr. Furst, one of the defendants in this action (Dkt # 33). The motion is supported by an affidavit from Dr. Furst (Dkt # 34). Neither the plaintiff nor any of the other defendants have responded to the motion for summary judgment. Local Rule 7 (b) (2) in part states "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

## FACTS

The following facts are taken from the complaint (Dkt # 5). Plaintiff alleges he was diagnosed with "ADHD" and possible Fetal Alcohol Syndrome when he was 13 years old. He alleges he was prescribed Ritalin for his conditions. He also alleges without Ritalin he is disruptive and violent. While incarcerated and

REPORT AND RECOMMENDATION
Page - 1

on Ritalin Mr. DeMarco alleges he received 10 infractions between August 2004 and January 2005. Plaintiff alleges his Ritalin dose was increased in January of 2005. Between January 2005, and January 2006, he received only one infraction.

Plaintiff alleges that in February of 2006 the named defendants in this action reduced his Ritalin over a four week period and by the end of February he was not taking this prescription any longer. Between February 2006, and April 2007, plaintiff received 43 general or serious infractions.

Plaintiff alleges that when he first learned his Ritalin was going to be reduced and then eliminated he wrote to Dr. Furst asking why and that the Doctor told him there was a new state wide formulary and stimulant medication would no longer be available.

Plaintiff, with the aid of Dr. Furst, attempted to obtain Ritalin through the prison medical system. On April 14, 2006, Dr. Furst wrote:

> Patient does have a documented history of responding well to stimulant medication during his adolescence and his previously undertaken trials with Strattera, Wellbutrin, and Desipramine that were either ineffective or limited by side effects. He responded well to Ritalin when I prescribed it to him last year and it would be my recommendation that he resume treatment with stimulant medication.

(Dkt. # 5, complaint page 3g). The plaintiff contends the recommendation was rejected and he has been denied adequate medical care in violation of the Eighth Amendment. He names as defendants the members of the committee that denied the recommendation as well as other medical providers.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact

1 exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

2 the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec.

3 Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

4     The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial,

5 e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc.,

6 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party

7 only when the facts specifically attested by the party contradicts facts specifically attested by the moving party.

8 Id.

9     The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in

10 hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630

11 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing

12 facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

13 DISCUSSION

14     Plaintiff alleges a violation of his Eighth Amendment right to medical or mental health treatment. The

15 government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes

16 deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976), Such

17 conduct is actionable under 42 U.S.C. § 1983. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

18     In order to establish deliberate indifference there must first be a purposeful act or failure to act on

19 the part of the defendant. McGuckin, at 1060. A difference of opinion between a prisoner and medical

20 authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v.

21 Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or

22 treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.

23 Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Second, a prisoner can make no claim for

24 deliberate medical indifference unless the denial was harmful. McGuckin, at 1060; Shapely v. Nevada Bd.

25 of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

26     No action or failure to act in this case can be attributed to Dr. Furst. He alleges he took steps to attempt

27 to obtain the treatment he felt plaintiff needed but that his decision was overruled by a committee who

28 disagreed with him. This defendant is entitled to summary judgment. Dr. Furst's motion for sumary judgment

1 | should be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 7, 2008** as noted in the caption.

DATED this 13 day of February, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge